IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-285-K-BN |
| | § | |
| THOMAS MICHAEL KINSER, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| AND | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Garnishee. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to

28 U.S.C. § 636(b) and a standing order of reference from the District Court. The

undersigned magistrate judge issues the following findings of fact, conclusions of law,

and recommendation.

Movant Debra Kinser, wife of Defendant Thomas Michael Kinser, has filed a

Claim for Exemptions and Request for Hearing [Dkt. No. 12]. Plaintiff United States

of America has filed a Response requesting that the Court deny Movant's hearing

request and claimed exemption because the only claimed exemption is invalid. *See* Dkt.

No. 13. Because Plaintiff's response demonstrates that there is no material dispute of

fact or law on which to have a hearing, Movant's request for a hearing and claim for

exemption [Dkt. No. 12] should be denied.

Movant has claimed a single exemption for "wages, salary and other income" pursuant to 26 U.S.C. § 6334(a)(9), a provision of the Internal Revenue Code. Dkt. No. 12 at 2. The exemptions applicable to the enforcement of restitution are set forth in 18 U.S.C. § 3613(a) and incorporate a limited number of exemptions from the Consumer Credit Protection Act and Internal Revenue Code. As Plaintiff points out, section 6334(a)(9) of the Internal Revenue Code – the exemption claimed by Movant – is not included among the exemptions listed in section 3613(a) and is not applicable to the enforcement of restitution. *See* 18 U.S.C. § 3613(a); *United States v. Clayton*, 646 F.Supp. 2d 827, 837 (E.D. La. 2009) ("However, conspicuously absent from the list of IRS Code exemptions is § 6334(a)(9) – the very exemption on which [Defendant] relies...."); *United States v. Thomas*, No. 2:11-mc-64, 2012 WL 147876 (E.D. Cal. Jan. 18, 2012) (Section 6334(a)(9) not included in the list of exemptions incorporated into Section 3613(a)(1)).

In addition, Plaintiff has only garnished two items: a checking account and a safe deposit box. *See* Dkt. No. 11. Neither of these items constitute "wages, salary and other income." Courts have consistently held that compensation loses its status as "earnings" once it has been deposited in a bank account. *See United States v. Armstrong*, No. 3:04-cv-1852-H, 2005 WL 937857, at *4 n.3 (N.D. Tex. Apr. 21, 2005) (collecting cases), *rec. adopted* 2005 WL 1214669 (N.D. Tex. May 20, 2005); *United States v. McKnight*, No. A-08-cr-256 LY, 2012 WL 5336165 (W.D. Tex. Oct. 26, 2012)

(compensation does not retain character as "earnings" after deposit because bank account differs from paycheck elements of periodicity and relationship to subsistence) (citing *Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107, 108-110 (9th Cir. 1978)), *rec. adopted* Dkt. 24 (W.D. Tex. Nov. 20, 2012). Because the funds for which Defendant seeks relief from garnishment are not "wages, salary and other income," Plaintiff is entitled to garnish 100% of the funds in the account. *See United States v. DeCay*, 620 F.3d 534, 545 (5th Cir. 2010) (noting that plaintiff "clearly has right" to garnish entirety of account where defendant possessed the option to cash-out the account).

Under 28 U.S.C. § 3202(d), a party may request a hearing, but

[t]he issues at such hearing shall be limited – (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to – (A) the probably validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). Because Movant has failed to make out a colorable claim for an exemption and does not otherwise meet the statutory requirements under Section 3202(d) – where Movant does not challenge Plaintiff's compliance with any statutory requirement and where Plaintiff has not sought a default judgment – Movant is not entitled to a hearing. *See United States v. Harris*, No. 3:12-cv-2133-D, 2012 WL 5845544, at *1 (N.D. Tex. Nov. 19, 2012); *United States v. Pettigrew*, No. 3:10-cv-2142-M, 2011 WL 900545 (N.D. Tex. Mar. 14, 2011); *cf. United States v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011) (district court did not abuse its discretion in refusing to grant

a hearing under 28 U.S.C. § 3202(d) where defendant failed to adequately demonstrate the probable validity of a claim of exemption).

## Recommendation

Movant's Claim for Exemptions and Request for Hearing [Dkt. No. 12] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE