IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-285-K-BN |
| | § | |
| THOMAS MICHAEL KINSER, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| AND | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Garnishee. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to

28 U.S.C. § 636(b) and a standing order of reference from the District Court. The

undersigned magistrate judge issues the following findings of fact, conclusions of law,

and recommendation.

Movant Debra Kinser, wife of Defendant Thomas Michael Kinser, filed a Claim

for Exemptions, Request for Hearing, and/or Request for Transfer ("Original Motion")

in which she claimed an exemption for "wages, salary and other income" pursuant to

26 U.S.C. § 6334(a)(9). *See* Dkt. No. 12. The undersigned entered Findings,

Conclusions, and Recommendation ("FCR") [Dkt. No. 16] recommending that the

Original Motion should be denied, and Judge Kinkeade accepted that recommendation

and denied the Original Motion, *see* Dkt. No. 18.

Movant Debra Kinser now has filed a Motion to Supplement Claim for Exemptions and Request for Hearing ("Supplemental Motion") [Dkt. No. 19] and a Final Motion to Supplement Claim for Exemptions and Request for Hearing ("Final Motion") [Dkt. No. 23]. Plaintiff United States of America has filed responses to both Motions. *See* Dkt. No. 22; Dkt. No. 24.

Plaintiff garnished two items: a checking account and a safe deposit box. *See* Dkt. No. 11. In both the Supplemental Motion and Final Motion, Movant argues that the funds in the checking account from direct payroll deposits are exempt wages. *See* Dkt. No. 19; Dkt. No. 23. Movant does not raise any new arguments in either motion beyond those in her Original Motion but rather offers further proof that certain amounts in her checking account derive from a direct deposit by her employer.

But the undersigned's recommended denial of Movant's claimed exemption, which Judge Kinkeade has now adopted, was not based on any doubt or lack of clarity as to the source of or how any funds were deposited into the account. Rather, as explained in the undersigned's prior FCR, 26 U.S.C. § 6334(a)(9) – the only exemption claimed by Movant, *see* Dkt. No. 12; Dkt. No. 19; Dkt. No. 23 – is not applicable to the enforcement of restitution, and, even it were, compensation loses its status as "earnings" once it has been deposited in a bank account. *See* Dkt. No. 16 at 2-4.

Therefore, for the reasons stated in the prior FCR, Movant's Supplemental Motion and Final Motion should both be denied.

## Recommendation

Movant Debra Kinser's Motion to Supplement Claim for Exemptions and

Request for Hearing [Dkt. No. 19] and Final Motion to Supplement Claim for Exemptions and Request for Hearing [Dkt. No. 23] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 5, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE